James D. Holman, Esq., ISB 2547
THOMSEN STEPHENS LAW OFFICES, PLLC
2635 Channing Way
Idaho Falls ID 83404
Telephone (208)522-1230
Fax (208)522-1277

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK REINKE,<br><br>    Plaintiff,<br><br>v.<br><br>MEMORIAL MONUMENTS AND<br>VAULTS, INC.,<br><br>    Defendant. | Case No. _____<br><br><br>COMPLAINT |

Plaintiff Mark Reinke, for cause of action against defendant Memorial Monuments and Vaults, Inc., states and alleges as follows:

1.    This court has jurisdiction pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act of 1938.

2.    Plaintiff Mark Reinke is a resident of Bonneville County, Idaho.

3.     Defendant Memorial Monuments and Vaults, Inc. is an Idaho corporation in good standing with its principal place of business in Meridian, Idaho.

4.     Defendant Memorial Monuments and Vaults, Inc., is an employer within the meaning of 29 U.S.C. § 203(d) and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), Fair Labor Standards Act of 1938.

5.     On or about the 15th day of October, 2003, defendant employed plaintiff as a general laborer. Plaintiff's duties included the manufacture, construction and erection of funeral monuments and vaults. At all times relevant hereto plaintiff was engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206 and 207, Fair Labor Standards Act of 1938.

6.     At no time during the course of his employment was plaintiff an "exempt employee" within the meaning of 29 U.S.C. § 213, Fair Labor Standards Act of 1938.

7.     During the course of plaintiff's employment, defendant paid plaintiff salary and bonuses which together constituted plaintiff's regular rate of pay within the meaning of 29 U.S.C. § 207(e), Fair Labor Standards Act of 1938. As of October 11, 2007, the date upon which defendant terminated plaintiff from employment, plaintiff's regular rate of pay was $54,000 per year.

8.     During the course of plaintiff's employment with defendant, defendant regularly and consistently required plaintiff, as a condition of continued employment, to work in excess of 40 hours per week. Notwithstanding the fact that defendant required plaintiff to regularly and consistently work in excess of forty hours per week, defendant failed to pay plaintiff overtime compensation as required by 29 U.S.C. § 207(a)(1), Fair Labor Standards Act of 1938.

2 -    COMPLAINT

9.    Defendant's failure to pay overtime compensation to plaintiff is a violation of 29 U.S.C. § 207(a)(1), Fair Labor Standards Act of 1938. Pursuant to 29 U.S.C. § 216(b), plaintiff is entitled to recover from defendant the amount of the unpaid overtime compensation and an additional equal amount as liquidated damages.

10.    Defendant's violation of 29 U.S.C. § 207(a)(1) was a willful violation within the meaning of 29 U.S.C. § 255(a).

11.    Pursuant to 29 U.S.C. § 216(b), plaintiff is entitled to recover from defendant plaintiff's reasonable attorney fees incurred in this action as well as costs of the action.

Wherefore, plaintiff prays the judgment, order and decree of this court as follows:

1.    For an award of damages in the amount of plaintiff's unpaid overtime wages, in accordance with 29 U.S.C. § 216(b), in an amount to be proven at trial;

2.    For an award of damages in an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

3.    For plaintiff's reasonable attorney fees and costs incurred herein pursuant to 29 U.S.C. § 216(b); and

4.    For such other and further relief as the court deems just and proper.

DATED this 14th day of November, 2007.

THOMSEN STEPHENS LAW OFFICES, PLLC

By: _James D. Holman_____
     James D. Holman, Esq.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

DATED this 14th day of November, 2007.

THOMSEN STEPHENS LAW OFFICES, PLLC

By: _James D. Holman_____
James D. Holman, Esq.

JDH\ln
6482\001 complaint

4 -   COMPLAINT